United States District Court
Southern District of Texas
**ENTERED**
September 11, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **Crim. No. 4:26-cr-141-3** |
| | § | |
| **v.** | § | |
| | § | |
| **EDGAR ALVEAR,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER OF REVOCATION AND DETENTION

### I. Procedural Background

Defendant Edgar Alvear ("Defendant") is charged with conspiracy to traffic firearms and aiding and abetting smuggling goods from the United States. (ECF No. 1). On May 5, 2026, Defendant was released on bond conditions, including the condition that he must not violate any federal, state or local law while on release. (ECF No. 28). On August 11, 2026, probation filed a petition for action on conditions or pretrial release due to Defendant being arrested on July 31, 2026, on a state second-degree felony charge for possession of a controlled substance, cocaine, between 4 grams and 200 grams. (ECF No. 84). A warrant was issued and a no bond order was entered by the Undersigned. (*Id*).

## II. Standard

Under Title 18 U.S.C. § 3148, the Court must analyze two statutory provisions in determining whether to revoke a defendant's pretrial release. Section 3148(b) provides:

> **Revocation of release.--**The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated. The judicial officer shall enter an order of revocation and detention, if, after a hearing, the judicial officer—
>
> (1) finds that there is—
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that—
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions

> will assure that the person will not pose a danger to the safety of any other person or the community. . . .

A finding that a defendant will not abide by any conditions of release may be established by a preponderance of the evidence. *United States v. Minor*, 204 F. App'x 453, 454 (5th Cir. 2006). A judicial officer "shall" enter an order of revocation and detention if "(1) there is either probable cause that the defendant committed a new crime or violated any other condition of release, and (2) that there are no conditions that will assure his appearance, or he is unlikely to abide by any conditions of release." *United States v. Langford*, Case No. 21-cr-163*,* 2024 WL 3220730, at *2 (S.D. Tex. Jun. 28, 2024).

## III. Analysis

Defendant was arrested and a hearing was held on September 11, 2026, where the Court heard proffers from both parties and received the state offense report as evidence without objection.

Based upon the offense report and the Government's proffer, the Court finds there is probable cause that Defendant committed a new felony offense triggering the rebuttable presumption that there are no conditions or combination of conditions that will assure the person will not pose a danger to the safety of any other person or the community. *See* 18 U.S.C. § 1348(b)(2). No evidence was provided to rebut that presumption. Given the seriousness of the underlying state second-degree felony and how little time Defendant was

on pretrial release prior to the violation, the Court finds, by a preponderance of the evidence, that the Defendant is unlikely to abide by any conditions of release. Thus, consistent with § 1348(b), the Court revokes his bond and ORDERS Defendant detained pending further proceedings in this case.

## IV. Conclusion

Based on the foregoing, it is **ORDERED** that Defendant's bond is **REVOKED** and that he be **DETAINED** pending disposition of this case.

It is SO ORDERED.

**SIGNED** in Houston, Texas on September 11, 2026

Richard W. Bennett
United States Magistrate Judge